DICHMAN et al. v. ROBESON.

*(Supreme Court, General Term, First Department.   March 13, 1891.)*

1. ACTION ON CHECK—DRAFT ON FICTITIOUS PAYEE.

In an action on a check drawn by defendant it appeared that on the 26th of May the check was delivered to B. as an accommodation, that B. indorsed it to S. M., doing business in Washington as "M. & Co.," and who agreed to give B. his draft for the same amount; that it was then indorsed by S. M. to the order of M., D. & Co. for account of M. & Co., and sent to New York, addressed to M., D. & Co.; that no such firm as M., D. & Co. then existed, but prior to the making of the check plaintiffs, with S. M. and D. M., were copartners, doing a stock brokerage business in New York as M., D. & Co.; that on the 24th or 25th of May S. M. & D. M. sold out their interest to one of the plaintiffs, who then formed the firm of D. & Co.; that on receipt of the check in New York on the 29th of May it was indorsed by one of the plaintiffs in the name of the old firm of M., D. & Co., and credited to their account with M. & Co.; that S. M. failed on the 31st of May, and payment of the check was thereupon countermanded; that the draft which S. M. delivered to B. on May 29th to complete his part of the agreement was drawn upon M., D. & Co., but was not presented until the 2d of June, when payment was refused.   All paper drawn upon and addressed to M., D. & Co. was honored by plaintiffs the same as if it had been drawn directly in the name of D. & Co.   *Held*, that a finding that the draft drawn by S. M. in favor of B. was worthless because drawn on a firm having no existence on the day of its date could not be sustained.

2. SAME—BONA FIDE HOLDERS.

A finding that plaintiffs knew of the insolvency of S. M. was not sustained by evidence that one of them had interviews with S. M. at Washington on the 28th of May, especially as both plaintiffs denied having any such knowledge, and it further appearing that on the 29th of May the account of S. M. with plaintiffs showed a balance in his favor sufficient to pay the draft.

Appeal from circuit court, New York county.

Action by Ernest Dichman and William P. Tuttle against George M. Robeson.   Plaintiffs appeal from a judgment dismissing their complaint.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*W. W. Niles, Jr.,* (*W. W. Niles*, of counsel,) for appellants.   *Walker Hartwell*, for respondent.

DANIELS, J.   The action was brought upon a check made by the defendant upon the Camden Safe-Deposit & Trust Company, whereby he directed the company to pay to A. P. Brown or order the sum of $3,500.   The check was delivered to Brown, to be used by him for his benefit whenever it might become necessary that such use should be made of it.   It was solely for his accommodation, and at the time when he received it he made and delivered to the defendant his own check for the same amount by way of evidence only that this check had been made and delivered to him.   There was no exchange of checks by which the defendant was empowered to use the one made by Brown, but his check was made a voucher or evidence that he had received the defendant's check for his own use and accommodation.   On the 28th day of May, 1884, two days after the making of the check by the defendant, Brown, at the instance and request of S. E. Middleton, who was then carrying on business in the city of Washington under the style of Middleton & Co., indorsed and delivered the check to him.   For this check he was to receive from Middleton a draft of the same amount on the following day.   When Middleton received the check he indorsed it payable to the order of Middleton, Dichman & Co. for account of Middleton & Co., and transmitted it to the city of New York, addressed to that firm.   At that time no such firm as Middleton, Dichman & Co. existed or was engaged in carrying on business.   But prior to the making and delivery of the check the plaintiffs, together with D. W. and S. E. Middleton, were engaged as copartners at the city of New York in the banking and stock brokerage business; but on the 24th or 25th of May, 1884, this firm was dissolved, and Dichman, one of the plaintiffs, took an assignment from each of the Middletons of his interest in

the preceding firm of Middleton, Dichman & Co. The draft which Middleton delivered to Brown on the 29th of May, 1884, to complete his part of the agreement was drawn upon the firm of Middleton, Dichman & Co., but it was not presented for payment until the 2d of June, when payment was refused. Prior to that time, and after the draft was drawn, Middleton drew down his account with Dichman & Co., and created a balance in their favor against himself; and for that reason, and because payment of the check had been previously countermanded, the draft was not paid. Middleton failed on the 31st of May, 1884, and when that fact became known the Camden Company was ordered by telegraph not to pay the check. When the check was received, as it was by Dichman & Co., on the 29th of May, Dichman indorsed it with the name of the preceding firm of Middleton, Dichman & Co.; but payment of it was not refused because of any irregularity in the indorsement, but on account of the failure of Middleton. When this check was sent to the city of New York, and received, as it was, by the plaintiffs, it had been indorsed for account of Middleton & Co., bankers in Washington, and it was credited to them in their account with the plaintiffs; and after the payment of it had been refused it was charged back, with the protest fees, in the same account to Middleton & Co. The trial of the action resulted in a judgment for the defendant; and this judgment appears to have proceeded upon the findings that the draft which was drawn by Middleton in favor of Brown was worthless, being drawn upon a firm which had no existence on the day of its date. But the evidence tended to establish the fact that after Dichman had purchased the interest of each of the Middletons in the firm of Middleton, Dichman & Co., he and his other partner continued to transact business and to pay drafts drawn upon and addressed to them in the name of Middleton, Dichman & Co.; and no instance appears to have occurred where this firm, as the successor of Middleton, Dichman & Co., declined to discharge obligations of this description because they contained the address of this former firm. In this state of the evidence, therefore, the court could not infer as a fact that the draft delivered to Brown and addressed to this firm was worthless for the reason that the firm had ceased to exist a few days prior to the date of the draft. The finding, on the contrary, was directly against the evidence proving the fact to be that paper of this description was received and honored by Dichman & Co., the same as it would have been if it had been drawn and addressed directly in that firm name. A further finding of fact upon which the judgment proceeded was that Dichman knew of the insolvency of Middleton & Co. on the 28th of May, 1884, and prior thereto, and knew that any draft on Middleton, Dichman & Co. was worthless, and would not be paid. This finding also is without evidence to sustain it, for both Dichman and his partner, Tuttle, testified that they had no knowledge or information of the insolvency of Middleton prior to the time when his banking office failed to open its doors, which was on the last day of May, 1884. Dichman was in the city of Washington on the 28th of May, and had interviews with Middleton; and it may very well be that he received information at that time that Middleton had become insolvent, and incapable of proceeding with his business, but there was no evidence given upon the trial tending to prove the existence of that fact. The most that could be done would be to conjecture that Dichman probably received this information, but so slight a probability would not be sufficient to be accepted as proof of the fact when Dichman himself, as a witness, in his evidence denied it. In addition to that, the account which was produced and given in evidence very clearly indicated that a draft drawn by Middleton on Dichman & Co. on the 29th of May, 1884, was not worthless, for the reason that at that time a balance of account appears to have existed in Middleton's favor exceeding the amount necessary to pay this draft; but this balance was more than drawn out of the firm of Dichman & Co. by drafts on the 31st of May and the 2d of June, 1884. It therefore appeared that a

draft drawn upon the 29th of May was not worthless, and that there was no reason for supposing or inferring that it would not be paid. The inference, on the contrary, would be, as Dichman & Co. continued to pay drafts drawn in the name of Middleton & Co. upon the firm of Middleton, Dichman & Co., that this draft would have been paid if it had been presented for payment on the 30th of May, as it well might have been, instead of the 2d of June, when Middleton's balance had been entirely exhausted. These are the important findings of fact in the defendant's favor, and neither of them is supported by the evidence given upon the trial. There was evidence in the case tending to prove that Dichman & Co. paid drafts drawn by Middleton directly against this check, but it was not controlling upon the court. So there was evidence that Brown had been induced to indorse and deliver the check to Middleton upon a false representation that he had been informed by telegraph from Dichman & Co. that his draft upon them for this amount would be paid, when in fact no such communication had passed from the firm to him; and it may be that, if proper findings of fact had been included in the case embodying and following the opinion of the justice presiding at the trial, the dismissal of the complaint could be maintained. But upon the facts which were found by the court, and are directly in conflict with the evidence, and upon which the judgment itself was dependent, the direction for the dismissal of the complaint was not warranted. The judgment should therefore be reversed, and a new trial ordered, with costs to the plaintiffs to abide the event.

All concur.